INTERNATIONAL TRUST COMPANY *vs.* PAIGE MOTOR CAR COMPANY OF NEW ENGLAND.

SAME *vs.* CHANDLER MOTOR CAR COMPANY OF NEW ENGLAND.

Middlesex. March 22, 1916. — May 16, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Payment.*

Where the maker of a check that had been deposited in a bank by the payee stopped payment of it and, after payment was refused, one acting in behalf of the payee deposited in the bank to his own credit his own check for an amount sufficient to

---

cover the payment of the unpaid check as security to guarantee the bank against loss in enforcing payment of the unpaid check, whereupon the bank put the deposited check through the clearing house in the usual way and held the proceeds of that check in place of the check itself, it was *held*, that this did not constitute payment of the unpaid check and that, in an action brought by the bank upon such unpaid check against its maker, these facts were not admissible as evidence of payment or on any other ground of defence.

TWO ACTIONS OF CONTRACT by the International Trust Company, a corporation, the first action on a check made by the defendant in the first case, and the second action on two checks made by the defendant in the second case. Writs dated August 22, 1913.

In each case the defendant filed an answer containing a general denial and allegations of payment and of want of consideration.

In the Superior Court the cases came on for trial together before *Bell*, J., and it was agreed by the parties that no jury should be impanelled unless it should be decided that the evidence stated in an offer of proof to be made by the defendants should be admitted as a defence to the actions.

For the purposes of the offer of proof the facts alleged in the plaintiff's declaration in each of the actions were admitted by the defendants. The defendants, through their counsel, then made the following offer of proof:

"I offer in the first place a letter signed by W. A. Castle, who is admitted to be the brother of H. C. Castle, who is the payee of the checks in suit, which letter was addressed to and received by the plaintiff, the International Trust Company, as follows:

"'New York, Aug. 26, 1913.

International Trust Co.,
        Boston, Mass.
Dear Sirs: —

In confirmation of agreement reached yesterday between Mr. Graham and myself I am enclosing herewith my check on the Nat'l Shawmut Bank for $8,208.32, which is the amount of overdraft now standing on your books charged to Henry C. Castle. This check according to our agreement is to be deposited to my credit in your bank to be retained by you as security for any losses the bank may sustain by reason of its failure to collect from the Chandler Motor Car Co. (and or) the Paige Motor Car Co. the amt. of certain unpaid checks of those companies heretofore de-

posited with you to the credit of W. A. Castle and now held by you aggregating $9,430.

In receiving this check from me as such security you are, if I so desire, to keep alive and prosecute with reasonable diligence in your name but for my benefit such suit or suits as your company had already commenced against the Chandler Motor Car Co. (and or) the Paige Motor Car Co. The expenses of said suit except those already incurred to be borne by me and I to have the privilege of employing other counsel than the counsel now appearing for you, if I desire, and in general to co-operate with me in all reasonable ways in enforcing payment of said unpaid checks.

It is also understood that the demand note now held by you for $4,800, signed by Henry C. Castle and endorsed by Edith R. Castle, is to be transferred to me. The above terms are, as I understand, the same as agreed to yesterday in my conversation with Mr. Graham.

Very truly yours,  W. A. Castle.'

"I further offer to prove that the check stated to be enclosed in that letter for the sum of $8,202.32 was in fact received by the International Trust Company; was put through the clearing house in the usual way and the proceeds received by the International Trust Company, and that those proceeds have remained in the possession of the International Trust Company from that day to the present time.

"I further offer to prove that the amount of money covered by those proceeds ($8,202.32) together with a small balance to the credit of Henry C. Castle, before payment was stopped on the checks in suit, make the total amount which the International Trust Company paid out when it cashed the checks of the defendants and that accordingly the International Trust Company has been paid in full on the checks now in suit."

The judge ruled that this offer of proof did not constitute a defence, and the defendants excepted. The judge then ordered verdicts for the plaintiff in the amount of the checks with interest; and the defendants alleged exceptions.

The cases were submitted on briefs.

*P. R. Ammidon & A. I. Bicknell,* for the defendants.

*J. E. Eaton, E. T. McKnight & C. T. Cottrell,* for the plaintiff.

DE COURCY, J.   It is admitted for the purposes of the offer of proof, that the check of the Paige Company and the two of the Chandler Company were delivered by them, respectively, to one H. C. Castle, were payable to his order and were indorsed by him to the plaintiff; and that the plaintiff is the owner and holder of them.   These actions were brought after the defendants had stopped payment of the checks.

In our opinion the trial judge was correct in ruling that the offer made did not constitute a defence.   The letter of W. A. Castle, dated some days after these actions were instituted, shows that he deposited to his own credit in the plaintiff's bank a check for a certain sum of money as security to guarantee the plaintiff from loss in enforcing payment of the unpaid checks.   The fact that the plaintiff cashed and held the proceeds of this check, instead of retaining the paper itself, must have been contemplated as the ordinary business method of dealing with it, and the plaintiff acquired thereby no additional title to the proceeds.

The evidence offered would not warrant the conclusion contended for by the defendants, namely, that the plaintiff has been paid in full on the checks.   Nor does the offer of proof support any other defense set up in the answers.

In each action the entry must be

*Exceptions overruled.*